FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 15, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BETH JOHNSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY, a foreign insurance corporation,<br><br>Defendant. | No. 2:25-CV-00151-RLP<br><br>ORDER GRANTING MOTION TO COMPEL IN PART AND DENYING IN PART AND GRANTING MOTION FOR PROTECTIVE ORDER IN PART |

Before the Court are Plaintiff Beth Johnson's Motion to Compel, ECF No. 15, and Defendant State Farm Fire and Casualty Company's Motion for Protective Order, ECF No. 22. Plaintiff is represented by Isaac Ruiz, Isaac Castaneda, and Kathryn Knudsen. Defendant is represented by Shaizah Hasan and Molly Eckman. The motions were heard without oral argument.

This discovery dispute involves four categories of information: (1) State Farm's claims handling policies and guidelines; (2) adjuster training and performance reviews; (3) advertising materials; and (4) claims department bonus and financial information. For the reasons set forth below, the Court finds that the

ORDER RE MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER ~ 1

foregoing are discoverable categories of information, but that limitations are appropriate. Good cause exists to grant a protective order with revisions.

## FACTS/BACKGROUND

Plaintiff Beth Johnson had a homeowner insurance policy with State Farm, effective from June 10, 2023 through June 10, 2024. ECF No. 20, ¶2. She submitted a claim after suffering residential water damage on April 4, 2024. ECF No. 7, ¶¶8, 13, 15. After State Farm denied her claim, Ms. Johnson filed this lawsuit. She seeks a declaratory judgment and alleging breach of contract; violation of duty of good faith; negligent claims handling; and violations of the Consumer Protection Act, RCW 19.86.090, and the Insurance Fair Conduct Act, RCW 48.30.015. ECF No. 17.

On September 15, 2025, Ms. Johnson sent State Farm her first interrogatories and requests for production. ECF No. 16, ¶3, Exh. C. State Farm responded to the request on October 17, 2025, but withheld production of certain categories of evidence, including 1) claims handling policies and guidelines; 2) adjuster training and performance materials; 3) advertising material; and 4) claim department bonus and financial information. ECF No. 16, Exh. D. State Farm's counsel agreed that some of the requested materials would be produced subject to a protective order. *Id*. at Exh. E, 2–6.

The parties filed a proposed protective order along with their joint status

ORDER RE MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER ~ 2

report and discovery plan. ECF No. 11. On October 17, 2025, the Court issued an order denying the parties requested protective order as overbroad and unaccompanied by a requisite showing of harm. *See* ECF No. 14 at 3.

The parties subsequently conferred regarding outstanding discovery. State Farm indicated it would be supplementing its responses, but would also request a protective order. Ms. Johnson filed a motion to compel on November 10, 2025. ECF No. 15. State Farm filed a Motion for Protective Order on November 24, 2025. ECF No. 22.

## ANALYSIS

1. *Scope of Discovery*

Under FRCP 26(b)(1) "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. … Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

While discovery is broad, it is not boundless. "Discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12, 98 S.Ct. 2380 (1978).

//

//

ORDER RE MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER ~ 3

The Court finds that Ms. Johnson is entitled to the following:[1]

<u>Claims handling policies and guidelines</u>: State Farm shall produce materials pertinent to the State of Washington that were in place from the time of Ms. Johnson's claim to the present. State Farm must also produce any additional claims handling materials relied upon by individuals responsible for investigation, evaluation, and handling of Ms. Johnson's claim. Ms. Johnson has not presented any non-speculative theory that materials outside this scope would lead to the discovery of admissible evidence.

<u>Adjuster training and performance reviews and claim department bonus and financial information</u>: State Farm shall produce "(1) the criteria by which the performance of any and all persons responsible for investigation, evaluation and handling of Plaintiffs' claim was evaluated; (2) the evaluations or reviews,

---

[1] The issue of whether the disclosed materials shall be subject to a protective order is a separate issue, addressed below. The Court declines to deny Ms. Johnson's motion based on an alleged failure to meet the conferral requirement contemplated by FRCP 37(a)(1) and LCR 27. The parties have conferred on discovery to at least a limited extent. Although Ms. Johnson seemingly could have allowed State Farm additional time before filing her motion, the Court determines that the interests of justice will best be met by addressing the merits of the parties' dispute at this time.

ORDER RE MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER ~ 4

including any disciplinary action, of any and all persons responsible for investigation, evaluation and handling of the claim; (3) the compensation for any and all persons responsible for investigation, evaluation and handling of the claim, including but not limited to the criteria by which bonus or other special or incentive compensation is determined; (4) the training of any and all persons responsible for investigation, evaluation and handling of Plaintiffs' claim." *Knaack v. Allied World Specialty Ins. Co.*, 2024 WL 1049819, at *2 (W.D. Wash. Mar. 11, 2024). State Farm shall also produce its annual financial statements from 2023 until present.

Ms. Johnson has not presented any non-speculative theory that evidence pertaining to a broader scope of materials would lead to the discovery of admissible evidence.

<u>Advertising materials</u>: State Farm shall produce marketing or advertising documents that Ms. Johnson may have received from either State Farm or a State Farm contractor regarding State Farm's homeowner policy from December, 2022 (six months before the policy date) until June 10, 2024 (the date of loss). Ms. Johnson has not presented any non-speculative theory that evidence pertaining to a broader scope of materials would lead to the discovery of admissible evidence.

//

//

ORDER RE MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER ~ 5

2.   *Protective Order*

Discoverable information is "presumptively public." *Fierro Cordero v. Stemilt AG Services LLC*, 142 F.4th 1201, 1207 (9th Cir. 2025), quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.-N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). Nevertheless, in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," the Court can issue a protective order, restricting the public dissemination of discovery materials. FRCP 26(c)(1). A party seeking a protective order has the burden of establishing good cause in the form of harm that would arise from public disclosure. *Fierro Cordero*, 142 F.4th at 1207. If the Court finds a party has satisfied this initial burden, the Court must balance the public and private interests and determine whether less restrictive alternatives, such as redaction, can ameliorate concerns of harm. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011).

<u>Claims handling policies and guidelines</u>: Defendants have shown sufficient evidence that its Operating Guidelines (OGs), Standard Claims Processes (SPCs), and Jurisdictional Records (JRs) qualify as trade secrets or confidential research, development, or commercial information. State Farm has shown that it expends significant time and resources into independently developing these materials. *See* ECF Nos. 23, ¶8; 24, ¶ 8; 25, ¶¶ 11, 19, 23-24, 26. The materials derive their value from their confidentiality. *See* ECF Nos. 23, ¶¶6, 8, 10; 24, ¶ 8; 25, ¶¶30-31. State

ORDER RE MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER ~ 6

Farm's witnesses maintain that disclosure of the materials would place State Farm at a competitive or business disadvantage. ECF Nos. 23, ¶10; 24, ¶¶10-11; 25, ¶¶27, 30-31. And State Farm has taken steps to ensure its OGs remain confidential by requiring its employees to annually agree to keep its processes and policies private and confidential. ECF Nos. 23, ¶¶9, 12; 24, ¶¶13-16; 25, ¶¶34-42.

Federal courts in this circuit have recognized that, in this circumstance, there is good cause for issuance of a protective order. *See, e.g., Haldiman v Cont'l Cas. Co.*, 2014 WL 584305 at *3 (D. Ariz. Feb. 13, 2014); *Takata v Hartford*, 283 F.R.D. 617, 621 (E.D. Wash. 2012). The value of these materials is derived precisely from the fact that the information contained therein is not public. Thus, the private interests in preventing disclosure are strong. Redaction of discrete information from the materials at issue does not appear feasible. The Court is therefore satisfied that the materials should be provided pursuant to a protective order that prohibits further dissemination of the materials to persons outside the current litigation.

Ms. Johnson argues State Farm cannot claim confidentiality because at least some of its records have become a part of the public domain during past litigation. This argument is persuasive only in part. To the extent a specific document is already part of the public domain, the Court agrees with Ms. Johnson that protection is unwarranted. But the past disclosure of discrete documents does not

ORDER RE MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER ~ 7

justify stripping entire categories of materials from protection. Should Ms. Johnson demonstrate that a particular document is already part of the public domain, the Court will entertain a motion to lift the protective order as to that document. Otherwise, the protective order applies.

      <u>Personnel and performance files</u>: Personnel information is often sensitive and must be handled with care. *See Reagan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008). Particularly because of the potential for dissemination over the internet, public access to an employee's personal, health, or family information can subject the employee to identity theft, harassment, or malicious disinformation. Given the nature of this case, there is no public interest in personal employee information that may be disclosed during discovery. Thus, discovery in this case shall be redacted to eliminate irrelevant or personally identifying information such as: social security numbers, dates of birth, tax information, home addresses, family member information, and health care or reasonable accommodation information. In addition, to the extent private employee information is discoverable and does not meet the aforementioned criteria for redaction, it shall be restricted to dissemination to persons involved in the current litigation. Private employee information is defined to include compensation details and employee performance or evaluation materials.

//

ORDER RE MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER ~ 8

3.     *Scope of Protective Order*

This protective order is limited to materials exchanged during discovery; it does not automatically extend to materials filed with the Court. "When discovery material is filed with the court … its status changes" and the material becomes a judicial record. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The Ninth Circuit recognizes "a strong presumption in favor of access to court records." *Id*. When it comes to non-dispositive motions, the existence of a protective order will justify sealing discovery materials that are subject to the order. *Id.* But when it comes to dispositive motions or other motions touching on the merits of the case, a party seeking protection must establish reasons for sealing the materials. *See id.* at 1135-38.

Given the different standards governing the fruits of discovery and judicial records filed in relation to dispositive or quasi-dispositive motions, the Court will not automatically order that discovery materials be filed under seal simply because they are subject to a protective order. To streamline litigation, the Court directs the following process: Documents that are subject to the protective order which are filed pursuant to a dispositive motion must initially be filed under seal. The seal will be removed after 14 days unless a motion is filed requesting to seal the documents from public disclosure based on compelling circumstances. If a motion to seal is filed, the question of whether the document will remain subject to sealing

ORDER RE MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER ~ 9

will be determined by Court order.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Compel, **ECF No. 15**, is **GRANTED in part** and **DENIED in part** as set forth herein.

2. State Farm's Motion for Protective Order, **ECF No. 22**, is **GRANTED in part** and **DENIED in part** as set forth herein.

3. Within 14 days of the date of this Order, the parties shall file a proposed protective order that meets the terms of this Order.

4. State Farm shall provide the above-directed responses no later than three days after the Court's entry of a protective order. State Farm may provide responses at an earlier date should the parties reach a confidentiality agreement.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** December 15, 2025.

                                       REBECCA L. PENNELL
                                       United States District Judge