FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 08, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BETH JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE FARM FIRE & CASUALTY COMPANY, a foreign insurance corporation,<br><br>    Defendant. | No. 2:25-CV-000151-RLP<br><br>ORDER GRANTING AND DENYING PROTECTIVE ORDER |

    Before the Court are the parties' proposed protective orders, ECF Nos. 40 and 45. The proposed orders were submitted in response to the Court's order, denying in part and granting in part State Farm's Motion for Protective Order, ECF No. 22.[1] The motion was considered without oral argument.

    The Court has also considered the proposed Protective Orders submitted by the parties. The Court recognizes that each party submitted a proposed order which in different ways represents the Court's findings. Because State Farm's proposed order is based on the well-considered and more detailed provisions of the Model

---

[1] The dates were amended as set forth in the Court's order denying State Farm's Motion for Reconsideration, ECF No. 44.

PROTECTIVE ORDER ~ 1

Stipulated Protective Order developed by the Western District of Washington, and is modified consistent with this Court's prior Order, the Court adopts State Farm's proposed Protective Order.

Accordingly, Ms. Johnson's Proposed Protective Order, **ECF No. 40**, is **DENIED** and State Farm's Proposed Protective Order, **ECF No. 45**, is **ADOPTED** as set forth below.

PROTECTVIE ORDER

1. PURPOSES AND LIMITATIONS

Discovery in this action involves production of confidential, proprietary, and private information for which this Court has held that special protection is warranted. ECF No. 39. Accordingly, on the motion of State Farm Fire and Casualty Company ("State Farm") and a showing of good cause, the Court enters the following Protective Order (the "Order"). This Order is consistent with Federal Rule of Civil Procedure 26(c) and this Court's previous order Granting in Part State Farm's Motion for Protective Order, ECF No. 39. This Order does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and as outlined below, and it does not presumptively entitle parties to file confidential information under seal.

PROTECTIVE ORDER ~ 2

2. <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

(a) **Claims Handling and Training Materials** means the Trade Secret and Confidential Operation Guides, Standard Claims Procedures and Jurisdictional Guides, and training materials incorporating such Trade Secret and Confidential Operation Guides, Standard Claims Procedures and Jurisdictional Guides identified in the Declarations of Kevin Mosby, Sally Rauschendorfer, and John Carter.

(b) **Personnel documents** are the documents that are responsive to Request for Production 5, 6 and 22, limited to: (1) the criteria by which the performance of any and all persons responsible for investigation; (2) the evaluations or reviews, including any disciplinary action, of any and all persons responsible for investigation, evaluation and handling of the claim; (3) the compensation for any and all persons responsible for investigation, evaluation and handling of the claim, including but not limited to the criteria by which bonus or other special or incentive compensation is determined; (4) the training of any and all persons responsible for investigation, evaluation and handling of Plaintiff's claim. This includes compensation details and employee performance or evaluation materials. Personnel Documents shall be redacted to eliminate irrelevant or personally identifying information such as: social security numbers, dates of birth,

PROTECTIVE ORDER ~ 3

tax information, home addresses, family member information, and health care or reasonable accommodation information.

3. <u>SCOPE</u>

The protections conferred by this Order cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

4.1     <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by State Farm in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4.2     <u>Disclosure of "CONFIDENTIAL" Material</u>. Unless otherwise ordered

PROTECTIVE ORDER ~ 4

by the court or permitted in writing by State Farm, a receiving party may disclose any confidential material only to:

    (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

    (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)    the court, court personnel, and court reporters and their staff;

    (e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

    (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and

PROTECTIVE ORDER ~ 5

Agreement to Be Bound" (Exhibit A), unless otherwise agreed by State Farm or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3    <u>Filing Confidential Material</u>. When filing confidential material or discussing or referencing such material in Court filings, the filing Party shall file the confidential material under seal. The confidential material shall be presumptively sealed for a period of fourteen (14) days to allow State Farm to determine whether a motion to seal is warranted, and to file such a motion before the Court. If State Farm does not file a motion to seal within the fourteen (14) day period, or if the Court finds good cause does not exist to maintain the documents under seal upon review and consideration of a motion to seal, the Court will unseal the documents.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. State Farm must take care to limit any such designation to specific material that qualifies under the appropriate standards. State Farm must designate for protection

PROTECTIVE ORDER ~ 6

only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to State Farm's attention that information or items that it designated for protection do not qualify for protection, State Farm must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (*see*, *e.g.*, sections 5.2(b) and 5.3 below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a)     Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), State Farm must affix the words

PROTECTIVE ORDER ~ 7

"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, State Farm also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

      (b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. State Farm may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If State Farm desires to protect confidential material at trial, the issue should be addressed during the pre-trial conference.

    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive State Farm's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a

PROTECTIVE ORDER ~ 8

designation of confidentiality at any time. Unless a prompt challenge to State Farm's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, State Farm may file and serve a motion to retain confidentiality under Local Civil Rule 7. The burden of persuasion in any such motion shall be on State Farm. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the

material in question as confidential until the court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

    (a)    promptly notify State Farm in writing and include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by State Farm whose confidential material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing State Farm of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request

PROTECTIVE ORDER ~ 10

that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

9.1     Within 60 days after the termination of this action, including all appeals, each receiving party must shred (if paper) or delete (if electronic) all confidential materials, as well as all copies, extracts, notes, reports, memoranda, summaries, or other documents containing such confidential information. Alternatively, the parties may agree upon appropriate methods of destruction.

9.2     Notwithstanding this provision, counsel may retain one archival copy of: all documents filed with the court; trial, deposition, and hearing transcripts; deposition and trial exhibits; expert reports; and attorney work product. Any such documents that contain confidential material shall remain subject to all requirements of this Protective Order for a period of seven (7) years after the termination of this action, including all appeals. Counsel's one archival copy is for the sole and exclusive purpose of complying with any Rule of Professional Conduct and ethical obligations owed to their respective clients. After the expiration of the seven (7) year period provided herein, all documents that contain confidential material must be shredded (if paper) or deleted (if electronic).

9.3     The confidentiality obligations imposed by this Protective Order shall remain in effect until a designating Party agrees otherwise in writing or a court

PROTECTIVE ORDER ~ 11

orders otherwise. The obligations of this Protective Order shall survive the termination of this action and continue to bind the Parties, their counsel, and experts and consultants receiving Confidential information under 4.2. The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** January 8, 2026.

                                        REBECCA L. PENNELL
                                        United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of Washington on _____ [date] in the case of *Beth Johnson, v. State Farm Fire & Casualty Company, and State Farm Fire and Casualty Company*, Case No. 2:25-cv-000151-RLP. I agree to comply with and to be bound by all the terms of this Protective Order, including the term that within 60 days after the termination of this action, including all appeals, I shall provide written confirmation to counsel of record for Plaintiff that documents and transcripts of testimony that have been designated by State Farm as Confidential or as disclosing the contents of Confidential documents have been shredded (if paper) or deleted (if electronic), including the shredding and deletion of all copies, extracts, notes, reports, memoranda, summaries thereof, or other documents containing such confidential information.

    I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective

PROTECTIVE ORDER ~ 13

Order to any person or entity except in strict compliance with the provisions of this Order.

  I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

PROTECTIVE ORDER ~ 14